**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHAD DWAYNE PROVORSE,**

      **Plaintiff,**

      **v.**                  **CASE NO. 24-3162-JWL**

**GENE WARD,**

      **Defendant.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

Plaintiff Chad Dwayne Provorse is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's complaint that are discussed herein. In the alternative, Plaintiff may file a complete and proper amended complaint that cures the deficiencies.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is a pretrial detainee being held at the Seward County Detention Center ("SCDC") in Liberal, Kansas. As the factual background for this matter, Plaintiff asserts that on July 23, 2024, he was arrested in Liberal, Kansas and taken to the SCDC. (Doc. 1, p. 6.) The following day, he informed SCDC staff that he could not remember why he was there or what had happened to him before he came to the SCDC. Plaintiff alleges that a letter he sent to his attorney similarly stated that he was "scared to death" and did not understand what has happening, and asked the attorney to visit "soon before [Plaintiff] killed [him]self." *Id.*

On August 16, 2024, after lunch and a shower, Plaintiff sat on the stairs of the pod with his

1

book. *Id.* at 7. He asserts that the next thing he knew, he was being escorted down the stairs by five SCDC officers. Because he did not understand why that was happening, he became scared and began hitting himself in the face. *Id.* Plaintiff was taken to the hospital for medical treatment and spoke via computer with a woman from South West Guidance Center, but he was unable to answer a lot of her questions because he could not remember what had happened. *Id.* at 7-8.

Plaintiff showed the woman multiple scars on his left wrist as evidence of past suicide attempts. She then informed him that he had tied a sheet around his neck and tied the other end to the stairs at the SCDC. *Id.* at 8. Plaintiff did not remember doing so. *Id.* Plaintiff further asserts that SCDC Officer Cisneros falsely informed the woman that there was someone at the SCDC that Plaintiff could talk with every Tuesday and did not tell the woman that Plaintiff had hit himself in the face. *Id.* After treatment at the hospital, Plaintiff returned to the SCDC.

Two days later, Plaintiff again attempted suicide, tying together pieces of the "suicide suit" he was wearing at the SCDC and tying the material around his neck. SCDC officers arrived before Plaintiff lost consciousness and removed the material from Plaintiff's neck; they also removed everything from Plaintiff's cell except the "suicide vest" and a mattress. *Id.* at 8. Stressed, Plaintiff repeatedly told the officers that he wanted help and he was scared. He then beat his head against the window, cutting his forehead and leaving wounds and scars that are still healing. *Id.* at 8-9. Officers placed Plaintiff in the restraint chair. *Id.* at 9. Plaintiff repeatedly asked for help and told officers he was scared and could not remember his past, but they refused to tell him why he was being detained at the SCDC. *Id.* On August 20, 2024, Plaintiff again beat his head against glass and was placed in the restraint chair. *Id.*

Plaintiff names only Seward County Sheriff Gene Ward as a defendant in this matter. *Id.* at 1. As the sole count, Plaintiff alleges the violation of his Eighth Amendment rights occurred

when Sheriff Ward failed to protect Plaintiff from engaging in self-harm. *Id.* at 3. As relief, he seeks money damages. *Id.* at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

This action is subject to dismissal because the complaint does not sufficiently allege the sole defendant's personal participation in the relevant acts. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). Although Plaintiff names Sheriff Ward as the sole defendant in this action, the complaint contains no further factual allegations involving Sheriff Ward. Rather, the complaint alleges facts about acts taken by those under Sheriff Ward's supervision. As noted above, that is not sufficient to establish liability under 42 U.S.C. § 1983. Thus, because Plaintiff has not adequately alleged the direct personal participation of Sheriff Ward, who is the only defendant, this action is subject to dismissal.

In addition, this action is subject to dismissal because the complaint fails to plausibly allege a constitutional violation based on a failure to protect Plaintiff from self-harm. As the Tenth Circuit has explained:

> Jail officials "cannot 'absolutely guarantee the safety of their prisoners.' " *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015) (quoting *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999)). But jail officials and municipalities have a constitutional duty to take reasonable steps to protect prisoners' safety and bodily

integrity. *Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1499 (10th Cir. 1990). Claims based on [detainee self-harm] are considered and treated as claims based on the failure of the jail officials to provide necessary medical care for those in their custody. *Cox*, 800 F.3d at 1248. Thus, the claims are assessed for deliberate indifference to serious medical needs. *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994).

The test for deliberate indifference has a dual objective and subjective component. For the objective component, the complainant must demonstrate that the deprivation is sufficiently serious to warrant intervention or treatment. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The subjective inquiry asks whether the defendants "knew [the detainee] faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." *Redmond v. Crowther*, 882 F.3d 927, 939–40 (10th Cir. 2018) (quoting *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir. 2009) (internal quotation marks omitted)).

The objective component of the deliberate indifference test "requires showing the alleged injury is 'sufficiently serious.'" *Redmond*, 882 F.3d at 939 (citing *Self v. Crum*, 439 F.3d 1227, 1230–31 (10th Cir. 2006)). . . .

The subjective prong requires an official to know of and disregard an excessive risk to a detainee's health or safety. *Redmond*, 882 F.3d at 939–40. "[T]he official must both be *aware* of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also *draw the inference.*" *Id.* at 936 n.3 (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)) (emphases added). An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not a constitutional violation. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). But even if a jail official has knowledge of a substantial risk of serious harm to detainees, "he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk." *Id.*

*Estate of Burgaz by and through Zommer v. Bd. of Cty. Commr's for Jefferson Cty., Colo.*, 30 F.4th 1181, 1186 (10th Cir. 2022).

Even liberally construing the complaint, as is appropriate because Plaintiff proceeds pro se, it does not allege facts that support a plausible claim that Defendant Ward was aware of and disregarded an excessive risk to Plaintiff's health of safety. Because the complaint fails to allege a plausible claim for relief, this action is subject to dismissal.

**IV.  Response or Amended Complaint Required**

Plaintiff is required to show good cause, in writing, why this matter should not be dismissed for the reasons stated herein. In the alternative, Plaintiff may file a complete and proper amended complaint upon the required, court-approved form that cures the deficiencies discussed in this order. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer to his initial complaint; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint. Failure to respond by the deadline may result in dismissal of this matter without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **December 2, 2024,** in which to show good cause, in writing to the undersigned, why this matter should not be dismissed for the reasons stated herein. In the alternative, Plaintiff may file, on or before **December 2, 2024**, an amended complaint on the required, court-approved form. The clerk is directed to mail to Plaintiff the appropriate form.

**IT IS SO ORDERED**.

**Dated October 31, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**